IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDWARD POINDEXTER, | ) | CASE NO.  4:09CV3112 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DENNIS BAKEWELL, ESTHER CASMER, and ROBERT HOUSTON, | ) ) | |
| | ) | |
| Respondents. | ) | |

Petitioner filed a Petition for Writ of Habeas Corpus.  (Filing No. 1.)  The court has conducted an initial review of the Petition for Writ of Habeas Corpus to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  Petitioner made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One[1]:  Petitioner is being held pursuant to the illegal and unconstitutional application of an ex post facto law in violation of Article I of the United States Constitution.

Claim Two:  Respondents and the Nebraska Supreme Court misrepresented state law in violation of the Due Process Clause of the Fourteenth Amendment.

Claim Three:  The Nebraska Supreme Court failed to read Petitioner's claims "'liberally and with a measure of tolerance'" in violation of the Due Process Clause of the Fourteenth Amendment.

Liberally construed, the court preliminarily decides that all three of Petitioner's claims are potentially cognizable in federal court.  However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to

---

[1] Claim One of this Memorandum and Order contains the claims set forth in the Petition as Grounds One and Four.  (Filing No. 1 at CM/ECF pp. 5 and 10.)

them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

The court notes this is not Petitioner's first Federal Habeas Petition. (*See Poindexter v. Charles L. Wolff, Jr.*, No. 4:74CV7 (D. Neb.).) However, the court will allow Petitioner's claims to pass initial review because Petitioner specifically alleges he is not challenging his underlying conviction. (Filing 1 at CM/ECF p. 13.) Rather, Petitioner claims he is challenging the action of the Nebraska Board of Parole. (*Id.*)

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that all three of Petitioner's claims are potentially cognizable in federal court;

2. The Clerk of the court is directed to mail copies of this Memorandum and Order and Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail;

3. By July 16, 2009, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 16, 2009: deadline for Respondent to file state court records in support of answer or motion for summary judgment;

4. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion;

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment;

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are

cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims;

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court;

E. No later than 30 days after the filing Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision;

F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**;

5. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A. By July 16, 2009, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer;"

B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*,

       *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C.    Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims;

    D.    No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court;

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision;

    F.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 30, 2009: check for Respondent to file answer and separate brief; and

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 17th day of September, 2009.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge